UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**6515 MACCORKLE, LLC,**

    **Plaintiff,**

v.                                              CIVIL ACTION NO: __2:20-cv-00253__
                                                  **(Previously Civil Action No.: 20-C-239)**

**EVANSTON INSURANCE COMPANY,**

    **Defendant.**

### NOTICE OF REMOVAL PURSUANT TO 28 U.S.C. §§ 1441 and 1446

Comes now Defendant Evanston Insurance Company by counsel, Lee Murray Hall, Sarah A. Walling, Kevin C. Kidd, and Jenkins Fenstermaker, PLLC, and pursuant to 28 U.S.C. §§ 1441 and 1446, files this Notice of Removal of a certain action pending in the Circuit Court of Kanawha County, West Virginia.  Defendant denies the allegations contained in the Complaint and files this Notice without waiving any defenses, exceptions, or obligations that may exist in its favor in state or federal court.  In support of this Notice of Removal, Defendant states the following:

        **I.**        **Background and Procedural History**

1. Plaintiff 6515 MacCorkle, LLC commenced this action in the Circuit Court of Kanawha County, West Virginia, Civil Action No. 20-C-239 against Defendant on or about March 12, 2020.  See *Summons and Complaint*, attached hereto as **Exhibit A**; see also *Docket Sheet*, attached hereto as **Exhibit B**.

2. The action stems from a denial of coverage issue regarding damages from an alleged vandalism that occurred in March of 2018 to the Plaintiff's vacant property at 6515 MacCorkle Avenue South East, Charleston, West Virginia 25304.  See *Compl*. ¶¶ 7-21.

## II. Timeliness of Removal

3. The removal period commences upon receipt of formal service of process, and "not by mere receipt of the complaint unattended by any formal service." *Murphy Bros., Inc. v. Michetti Pipe Stringing, Inc.*, 526 U.S. 344, 348 (1999). The time to remove the action to federal court does not start to run until the defendant actually has received a copy of the complaint via formal service of process. *See Lilly v. CSX Transp., Inc.*, 186 F. Supp. 2d 672, 675 (S.D. W. Va. 2002).

4. A copy of the Summons and Complaint was received by Defendant through certified mail to its Registered Agent of service of process, Kathleen Sturgeon, at 10275 W. Higgins Road, Suite 750, Rosemont, Illinois 60018 on March 16, 2020. See **Exhibit A**. Thus, this Notice of Removal is filed within thirty (30) days of that date and, therefore, is timely under 28 U.S.C. § 1446(b).

## III. Venue

5. Venue of this removal is proper under 28 U.S.C. § 1446(a) because this Court is the United States District Court for the district and division corresponding to the place where the state court action was pending.

## IV. Notice to State Court

6. In accordance with 28 U.S.C. § 1446(d), contemporaneous with the filing of this Notice, Defendant has given written notice to Plaintiff and the Circuit Court of Kanawha County, West Virginia of the removal. See *Notice to State Court*, attached hereto as **Exhibit C**.

## V. Statutory Basis for Jurisdiction – Diversity

7. This action is within the original jurisdiction of the United States District Court pursuant to 28 U.S.C. § 1332(a). This statute provides, in pertinent part, that "[t]he district courts shall have original jurisdiction of all civil actions where the matter in controversy exceeds the sum

or value of $75,000, exclusive of interest and costs, and is between . . . citizens of different States." 28 U.S.C. § 1332(a)(1).

### A.  Citizenship of the Parties

8.  According to the Complaint, Plaintiff is a limited liability company, authorized to do business in West Virginia with its principle place of business at 6515 MacCorkle Avenue South East, Charleston, West Virginia 25304.  See *Compl.* ¶1.

9.  To determine an LLC's citizenship for diversity, an LLC's citizenship is that of its members. *Gen. Tech. Applications, Inc. v. Extro Ltd.*, 388 F.3d 114, 120-22 (4th Cir. 2004).

10.  Plaintiff is a limited liability company with three members and these members are citizens of California, Delaware and West Virginia.

11.  Defendant is an Illinois insurance company organized and existing under the law of the State of Illinois with a principal place of business located at 10275 W. Higgins Road, Suite 750, Rosemont, Illinois.

12.  Accordingly, complete diversity of citizenship exists between all members of the Plaintiff and the Defendant under 28 U.S.C. § 1332.

### B.  Amount in Controversy

13.  The amount in controversy in this action, exclusive of interest and costs, is in excess of the Seventy-Five Thousand Dollar ($75,000) jurisdictional minimum.

14.  Plaintiff, in its Complaint, asserts allegations of breach of contract, declaratory relief, unfair claim practices, and bad faith for Defendant's denial of coverage for damages received during the alleged March 2018 vandalism under the parties agreed to insurance policy.  See generally *Compl.*  Plaintiff specifically alleges that Defendant denied coverage for these

damages despite giving Defendant information regarding replacement costs and cause of loss and Defendant sending two different adjusters to perform an inspection of the property. *Id.*

15.     Plaintiff, based upon these allegations, seeks damages for annoyance and inconvenience, attorney fees, interest, costs, extra-contractual and punitive damages, and any other relief that the Court deems just and appropriate. *See* Compl. ¶¶ 26-41.

16.     It is well established that "[t]he amount in controversy is determined from the allegations or prayer of the complaint." *Polo Greene Ltd. P'ship v. Wentwood Capital Advisors, Ltd. P'ship*, Civil Action No. 3:04CV118, 2005 U.S. Dist. LEXIS 33986, at *10 (N.D. W. Va. Sep. 8, 2005) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.*, 303 U.S. 283, 289 (1938)). Therefore, "[t]he jurisdictional inquiry takes place as of the time of the commencement of the action." *Id.* (citing *Athena Auto., Inc. v. DiGregorio*, 166 F.3d 288, 290 (4th Cir.1999)).

17.     According to the United States Court of Appeals for the Fourth Circuit, "the test for determining the amount in controversy in a diversity proceeding is 'the pecuniary result to either party which [a] judgment would produce.'" *Dixon v. Edwards*, 290 F.3d 699, 710-11 (4th Cir. 2002) (quoting *Gov't Emps. Ins. Co. v. Lally*, 327 F.2d 568, 569 (4th Cir. 1964)). If the removing party establishes, by a preponderance of the evidence, that an excess of Seventy-Five Thousand Dollar ($75,000) is in controversy, a district court must exercise its jurisdiction. *See Gum v. Gen. Elec. Co.*, 5 F. Supp. 2d 412, 415 (S.D. W. Va. 1998) ("It is well-established federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'"); *see also Scaralto v. Ferrell*, 826 F.Supp.2d 960, 962 (S.D. W. Va. 2011).

18.     In cases involving unspecified damages, such as the case at bar, the District Court should consider the Complaint and the "[t]ype and extent of the [P]laintiff's injuries and the possible damages recoverable therefore [sic], including punitive damages if appropriate."

*Weddington v. Ford Motor Credit Co.*, 59 F. Supp. 2d 578, 583 (S.D. W. Va. 1999) (citing *Watterson v. GMRI, Inc.*, 14 F. Supp. 2d 844, 850 (S.D. W. Va. 1997)).

19. Plaintiff, as stated above, has made claims for damages with regard to its property damage under the insurance policy and the annoyance and inconvenience related to the alleged bad faith denial of its claim under the policy at issue. See *Compl.* ¶¶ 40-41. Claims for emotional and compensatory damages, standing alone, would be sufficient to satisfy the Seventy-Five Thousand Dollar ($75,000.00) amount in controversy requirement. *See Weddington*, 59 F. Supp. 2d at 584 (finding the $75,000 amount in controversy requirement was satisfied when plaintiffs, who did not specify total amount of damages sought, asked to be compensated for mental anxiety, suffering, annoyance, aggravation, inconvenience, and humiliation damages). Such damages "may be recovered as parasitic elements of damage accompanying a cognizable physical injury, personal injury, or damage to property[.]" *Henley v. FMC Corp.*, 20 F. Supp. 2d 974, 977 (S.D. W. Va. 1998).

20. Plaintiff has also claimed punitive damages. See *Compl.* ¶¶ 26-41. Though Defendant denies the appropriateness of punitive damages here, it is well-established that punitive damages may be considered in determining the amount in controversy. *See, e.g., Weddington*, 59 F. Supp. 2d at 584; *see also Mullins*, 861 F. Supp. at 24 (jurisdictional amount satisfied where plaintiff sought approximately $19,000 in damages, and also requested punitive damages and damages for aggravation, annoyance, and inconvenience). If Plaintiff is successful in its punitive damages claim, when added to Plaintiff's claim for compensatory damages including emotional damages for annoyance and inconvenience, Plaintiff likely exceeds the Seventy-Five Thousand Dollar ($75,000.00) jurisdictional amount. Courts in West Virginia have let stand punitive damages awards substantially in excess of compensatory damages recovered in the same case. *See*

*Mullins*, 861 F. Supp. at 24 (citing *TXO Production Corp. v. Alliance Resources Group*, 187 W. Va. 457, 419 S.E.2d 870 (1992), *aff'd*, 509 U.S. 443, 113 S. Ct. 2711, 125 L.Ed.2d 366 (1993); *see also Hinerman v. Daily Gazette Co., Inc.*, 188 W. Va. 157, 423 S.E.2d 560 (1992)).

21. Based on the allegations in the Complaint and the type of damages that Plaintiff seeks to recover, Plaintiff has sufficiently alleged damages in excess of Seventy-Five Thousand Dollar ($75,000.00). As such, the jurisdictional amount is satisfied for purposes of discovery jurisdiction.

WHEREFORE, Evanston Insurance Company hereby removes the above-captioned action from the Circuit Court of Kanawha County, West Virginia and requests that further proceedings be conducted in this Court as provided by law.

Respectfully submitted,

**EVANSTON INSURANCE COMPANY,**

**By Counsel,**

/s/ Lee Murray Hall
Lee Murray Hall, Esquire (WVSB #6447)
Sarah A. Walling, Esquire (WVSB #11407)
Kevin C. Kidd, Esquire (WVSB # 13642)
JENKINS FENSTERMAKER, PLLC
Post Office Box 2688
Huntington, West Virginia 25726-2688
Telephone: (304) 523-2100
Fax: (304) 523-2347
E-mail: lmh@jenkinsfenstermaker.com
    saw@jenkinsfenstermaker.com
    kck@jenkinsfenstermaker.com

UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF WEST VIRGINIA
CHARLESTON DIVISION

**6515 MACCORKLE, LLC,**

    Plaintiff,

v.                                CIVIL ACTION NO: 2:20-cv-00253
                                              **(Previously Civil Action No.: 20-C-239)**

**EVANSTON INSURANCE COMPANY,**

    Defendant.

## CERTIFICATE OF SERVICE

I, the undersigned, do hereby certify that I have served a true and correct copy of the foregoing ***Notice of Removal Pursuant to 28 U.S.C. §§ 1441 and 1446*** upon the following individuals via First Class Mail, postage prepaid, on this 8th day of April, 2020:

J. Alexander Meade, Esq.
Charles S. Piccirillo, Esq.
Shaffer & Shaffer, PLLC
330 State Street
P.O. Box 38
Madison, West Virginia 25130
*Counsel for Plaintiff*

                                                   /s/ Lee Murray Hall
                                                   Lee Murray Hall, Esquire (WVSB # 6447)

**JENKINS FENSTERMAKER, PLLC**
Post Office Box 2688
Huntington, West Virginia 25726-2688