# EXHIBIT A

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**6515 MACCORKLE, LLC,**

    **Plaintiff,**

v.

Case No. 20-C-239
Judge: Tabit

**EVANSTON INSURANCE COMPANY,**

    **Defendant.**

RECEIVED

MAR 16 2020

Law Dept.

TO:   **EVANSTON INSURANCE COMPANY (n/k/a MARKEL INSURANCE COMPANY)**
**C/O KATHLEEN STURGEON**
**10275 W. HIGGINS ROAD, SUITE 750**
**ROSEMONT, ILLINOIS 60018**

## SUMMONS

**IN THE NAME OF THE STATE OF WEST VIRGINIA,** you are hereby Summoned and required to serve upon **J. Alexander Meade** plaintiff's attorney, whose address is **P. O. BOX 38, MADISON, WEST VIRGINIA 25130,** an answer including any related counterclaim you may have to the complaint filed against you in the above styled civil action, a true copy of which is herewith delivered to you. You are required to serve your answer within **30** days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default will be taken against you for the relief demanded in the complaint and you will be thereafter barred from asserting in another action any claim you may have which must be asserted by counterclaim in the above style civil action.

Dated: 3/13/20

Cathy S. Gatson, Clerk
Clerk of Court

By _____
        Deputy

IN THE CIRCUIT COURT OF KANAWHA COUNTY, WEST VIRGINIA

**6515 MACCORKLE, LLC,**

    **Plaintiff,**

v.

    Case No.: 20-C-031

    Judge: _____

**EVANSTON INSURANCE COMPANY,**

    **Defendant**

## COMPLAINT

COMES NOW, the Plaintiff, 6515 MacCorkle, LLC, and for its Complaint against the Defendant states and alleges as follows:

### PARTIES

1. Plaintiff, 6515 MacCorkle, LLC, (MacCorkle) was and remains a limited liability company, authorized to do business in West Virginia with a principle place of business at 6515 MacCorkle Avenue South East, Charleston, WV 25304.

2. Defendant, Evanston Insurance Company (n/k/a Markel Insurance Company) (Evanston), upon information and belief was and remains an insurance company organized and existing under the laws of the State of Illinois. Its principal office is located at 10275 W. Higgins Road, Suite 750, Rosemont, Illinois 60018, and its Registered Agent for service of process is Kathleen Sturgeon, Evanston Insurance Company (n/k/a Markel Insurance Company), 10275 W. Higgins Road, Suite 750, Rosemont, Illinois 60018, through the West Virginia Secretary of State, State Capitol Building, Charleston, West Virginia 25305.

1

## JURISDICTION AND VENUE

3. This Court has jurisdiction over this action because: (1) the Defendant conducts business in the State of West Virginia, including Kanawha County, West Virginia; and (2) the acts and omissions giving rise to the incident that is the subject of this Complaint occurred in Kanawha County, West Virginia.

4. Venue in this action is appropriate in the Circuit Court of Kanawha County, West Virginia, because: (1) the Defendant conducts business in Kanawha County, West Virginia; and (2) the acts and omissions giving rise to the incident that is the subject of this Complaint occurred in Kanawha County, West Virginia.

## FACTUAL BACKGROUND

5. The Plaintiff, MacCorkle, at all times pertinent herein, was a limited liability company, authorized to do business in West Virginia with a principle place of business at 6515 MacCorkle Avenue South East, Charleston, WV 25304.

6. The Defendant, Evanston, at all times pertinent herein, was an insurance company organized and existing under the laws of the State of Illinois which engaged in the insurance business in the State of West Virginia, and was doing business in Kanawha County, West Virginia.

7. On or about April 5, 2017, the Plaintiff purchased a commercial insurance policy (the policy or "contract") from the Defendant identified as Policy Number 2CY9852, which provided a coverage period from April 5, 2017, until April 5, 2018.

8. That the commercial property covered by the policy is located at 6515 MacCorkle Avenue South East, Charleston, WV 25304, and was formerly a Lone Star Steak House, which had ceased doing business at the time of the loss herein set forth.

9. During the coverage period, the Plaintiff paid all applicable premiums and performed all other obligations required to maintain the coverage provided by the policy.

10. In March of 2018, while the policy was in full force and effect, the covered commercial property suffered a loss when vandals broke into the property and caused substantial damage.

11. The damage caused during the break-in resulted in destruction within the building including but limited to:

    a) Bathroom fixtures;

    b) Kitchen appliances and fixtures;

    c) Lighting fixtures;

    d) Tables, booths, and chairs;

    e) HVAC components; and

    f) Walls and other structural damage.

12. That the destruction which occurred during said break-in was as a result of vandalism.

13. That Plaintiff filed a claim through the Defendant's claim service manager.

14. That the Defendant was provided an opportunity to examine the premises and retained an independent adjusting company which performed an in-person inspection.

15. That following said inspection, the Defendant disclaimed coverage for all loss other than damage done to the building's steel door.

16. That at the time of loss, the subject property was vacant.

17. That at the time of loss, the subject property was covered by the policy which included a vacancy permit. Said permit modified the policy so that the vacancy loss conditions do

not apply to direct physical loss or damage, and includes coverage for damage resulting from vandalism.

18. That the Plaintiff provided additional information regarding replacement costs and cause of loss to the Defendant including contractor estimates and photographs during the summer of 2018. The Defendant continued to deny coverage for the loss.

19. That the Defendant retained a second adjuster, Paul Carman, who performed an in-person inspection of the property on or about March 21, 2019.

20. That upon information and belief, the second adjuster determined that the cause of loss was vandalism.

21. That the Defendant continues to deny coverage for the loss noted herein.

## COUNT ONE - BREACH OF CONTRACT

22. The Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if set forth herein verbatim.

23. Defendant agreed and contracted with the Plaintiff to provide proper and adequate insurance coverage, including coverage in event of vandalism.

24. Defendant's conduct described herein is a breach of the contract.

25. As a proximate result of such breach of contract, Plaintiff has been severely damaged.

26. Defendant denied Plaintiff's claim under the policy knowing it was a proper claim. The Defendant is therefore liable to Plaintiff for all related damages contracted under the policy, along with attorney fees, interest, costs, extra-contractual and punitive damages, and other such relief that this Honorable Court deems just.

## COUNT TWO – DECLARATORY RELIEF

27. The Plaintiff repeats and incorporates herein by reference the allegations contained in

paragraphs 1 through 21 of this Complaint as if set forth herein verbatim.

28. The policy is vague and ambiguous.

29. The Defendant wrongfully denied coverage under the policy.

30. That a real, substantial, and justiciable controversy exists between Plaintiff and Defendant pursuant to the West Virginia Declaratory Judgment Act. W.Va. Code §55-13-1, et. seq.

31. Pursuant to W.Va. Code §55-13-1, et. seq., and Rule 57 of the West Virginia Rules of Civil Procedure, Plaintiff respectfully requests that the Court enter an Order declaring that coverage is afforded to Plaintiff for the loss, and Plaintiff further demands all related damages, along with attorney fees, interest, cost, extra-contractual and punitive damages, and such other relief that this Honorable Court deems just.

## COUNT THREE – UNFAIR CLAIMS PRACTICES

32. The Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if set forth herein verbatim.

33. The Defendant has wrongfully denied coverage for Plaintiff's damages under the policy.

34. The Defendant's conduct herein violates W.Va. Code §33-11-4(9), among other statutes and regulations requiring fair claims practices.

35. Contrary to its legal duties, as aforesaid, but not limited to the aforesaid, the Defendant has failed to respond to the Plaintiff's claim in good faith and has engaged in the general business practice of violating its duties and obligations as an insurer by:

   a) Denying coverage for Plaintiff's loss, as set out herein above, when the existence of coverage was reasonably clear;

b) Failing to attempt in good faith to effectuate a prompt, fair, and equitable settlement of this claim in which coverage is reasonably clear;

c) Failing to maintain appropriate complaint handling procedures;

d) Compelling insureds to institute litigation to receive amounts due; and

e) Otherwise failing and refusing to obey the law, as aforesaid, but not limited to the aforesaid.

36. As a proximate result of the unfair claims practices described herein, Plaintiff was severely damaged and Defendant is therefore liable to Plaintiff for all such damages, along with attorney fees, interest, costs, extra-contractual and punitive damages, and other such relief that this Honorable Court deems just.

## COUNT FOUR – BAD FAITH

37. The Plaintiff repeats and incorporates herein by reference the allegations contained in paragraphs 1 through 21 of this Complaint as if set forth herein verbatim.

38. The Defendant denied coverage for the Plaintiff's claim despite knowing that coverage was contained within the policy and should have ben conferred based upon the circumstances.

39. The actions and inactions of the Defendant in denying Plaintiff's claim under the policy, knowing the claims were proper, as described herein were in bad faith and were willful, malicious, and intentional, such as to allow for punitive damages.

40. As a proximate result of the bad faith conduct described herein, Plaintiff was severely damaged and Defendant is therefore liable to Plaintiff for all such damages under the policy, along with damages for annoyance and inconvenience, attorney fees, interest,

costs, extra-contractual and punitive damages, and other such relief that this Honorable Court deems just.

## PRAYER FOR RELIEF

Wherefore, Plaintiff demands judgment from Defendant in the amount of coverage for which was contracted. Plaintiff demands judgment against Defendant in an amount which meets and exceeds the jurisdictional requirements of this Court and which fully, fairly, and adequately compensates Plaintiff for all losses and holds the Defendant accountable for its conduct, interest, the cost of this action, attorney's fees, extra-contractual damages, damages for annoyance and inconvenience, punitive damages, and for such other and further and general relief as this Court deems just and appropriate.

**PLAINTIFF DEMANDS A TRIAL BY JURY.**

Dated this 12th day of March, 2020.

Respectfully Submitted,

J. Alexander Meade (WVSB# 13021)
Charles S. Piccirillo (WVSB #2902)
**SHAFFER & SHAFFER, PLLC**
330 State Street
P.O. Box 38
Madison, WV 25130
Phone: (304) 369-0511
Fax: (304) 369-5431
ameade@shafferlaw.net
*Attorney for Plaintiff*

## VERIFICATION

STATE OF CALIFORNIA,

COUNTY OF LOS ANGELES, to-Wit:

I, JEFFREY L. TUCKER, sole member of 6515 MACCORKLE, LLC, after being first duly sworn, depose and say that I have read the foregoing "Complaint" and it is true and correct, except insofar as it is therein made upon information and belief, and insofar as it is therein so made, are true and correct according to the best of my knowledge, information, and belief.

_____
JEFFREY L. TUCKER

Taken, subscribed and sworn to before me this 6th day of March, 2020.

My Commission Expires: 9/19/23.

MATT HENDERSON
Notary Public - California
Los Angeles County
Commission # 2304801
My Comm. Expires Sep 19, 2023

_____
Notary Public

(Seal)

KANAWHA
P.O. BOX 2351
CHARLESTON, WEST VIRGINIA 25328

RETURN RECEIPT REQUESTED

Evanston Insurance Company c/n/k/a
Markel Insurance Company
c/o Kathleen Sturgeon
10275 W. Higgins Rd Ste 750
Rosemont, IL 60018

RESTRICTED DELIVERY

7019 0700 0002 0490 3923

