IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

6515 MACCORKLE, LLC,

          Plaintiff,

v.                                             CIVIL ACTION NO.   2:20-cv-00253

EVANSTON INSURANCE COMPANY,

          Defendant.

**MEMORANDUM OPINION AND ORDER**

The Court has reviewed *Evanston Insurance Company's Motion to Bifurcate, to Stay Discovery, and for Protective Order* (Document 11), *Evanston Insurance Company's Memorandum of Law in Support of Its Motion to Bifurcate, to Stay Discovery, and for Entry of a Protective Order* (Document 12), the *Plaintiff's Response in Opposition to Defendant's Motion to Bifurcate, to Stay Discovery, and for Entry of a Protective Order* (Document 14), and *Evanston Insurance Company's Reply Brief in Further Support of Its Motion to Bifurcate, to Stay Discovery, and for Entry of a Protective Order* (Document 15).   For the reasons stated herein, the Court finds that the motion should be denied.

**FACTUAL ALLEGATIONS**

The Plaintiff, 6515 MacCorkle LLC, filed a *Complaint* (Document 1-1) in the Circuit Court of Kanawha County on March 12, 2020.   The Defendant, Evanston Insurance Company, removed the action to this Court on April 8, 2020.   The Plaintiff maintained commercial insurance via a

policy purchased from Evanston on a vacant restaurant building located at 6515 MacCorkle Avenue SE, Charleston, West Virginia, for the period of April 5, 2017 to April 5, 2018.

In March 2018, vandals broke into the property and damaged bathroom fixtures, kitchen appliances and fixtures, lighting fixtures, tables, booths, and chairs, HVAC components, and walls and other structural damage. The Plaintiff submitted an insurance claim. The Defendant provided coverage only as to damage done to the building's steel door during the break-in and denied coverage as to the remaining damage. The Plaintiff asserts that the policy contained a vacancy permit that provided coverage for vandalism.[1] The complaint contains causes of action for breach of contract, declaratory relief, unfair claims practices, and bad faith.

## DISCUSSION

The Defendant requests that the Court bifurcate the contract-based claims contained in Counts One and Two from the claims for unfair claims practices and bad faith contained in Counts Three and Four. It also requests that the Court stay discovery as to the non-contractual claims. It argues that Counts Three and Four would be moot if the contract issue is decided in its favor. Therefore, it contends that it would be more efficient and less costly to proceed on the contractual claims first. The Defendant states that the contractual claims may be resolved on cross motions for summary judgment following minimal discovery. It further contends that it could be prejudiced by a trial in which the Plaintiff presents evidence of bad faith that would not be relevant to the contractual claims. The Defendant suggests that a jury could become confused by the differing legal principles involved in the contractual and non-contractual claims. It also argues

---

[1] In its briefing, the Defendant contends that the policy contained a theft exclusion for theft and vandalism resulting from theft.

that a stay of discovery is necessary to ensure the benefits of bifurcation without discovery disputes and motions practice related to the bad faith claims interfering with efficient resolution of the contractual claims.

The Plaintiff argues that the "Defendant's requested relief impedes swift judicial resolution of this matter, decreases incentive for settlement, hinders this Court's responsibility to expedite discovery, and spares the Defendant no prejudice given the straightforwardness of the matters in controversy." (Pl.'s Resp. at 3.) It points out that bifurcation increases efficiency and cost savings only if the Defendant prevails on the contractual issues, leading to dismissal of the case, but would cause unnecessary delay if the Plaintiff prevails. Should the Plaintiff prove its claims as to Counts One and Two, multiple trials would be burdensome and expensive. The Plaintiff further argues that evidence is likely to overlap as to all claims, limiting any potential prejudice to the Defendant in holding a single trial and exacerbating the unnecessary costliness of bifurcation. Finally, it contends that even if the Court grants the motion to bifurcate, precedent does not support a stay of discovery given the risk of duplicative discovery proceedings and relative simplicity of the claims.

Rule 42(b) of the Federal Rules of Civil Procedure provides: "For convenience, to avoid prejudice, or to expedite and economize, the court may order a separate trial of one or more separate issues, claims, crossclaims, counterclaims, or third-party claims." Fed. R. Civ. P. 42. "It is within the Court's discretion to determine whether to grant a motion for bifurcation under Rule 42(b)." *Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W. Va. 1998) (Hallanan, S.J.). The West Virginia Supreme Court established a set of factors to be considered in determining whether discovery should be stayed in a first-party bad faith claim against an insurer:

> (1) the number of parties in the case, (2) the complexity of the underlying case against the insurer, (3) whether undue prejudice would result to the insured if discovery is stayed, (4) whether a single jury will ultimately hear both bifurcated cases, (5) whether partial discovery is feasible on the bad faith claim and (6) the burden placed on the trial court by imposing a stay on discovery.

Syl. Pt. 3, *Light v. Allstate Ins. Co.*, 506 S.E.2d 64, 65 (W. Va. 1998).

"The party seeking to stay discovery on the bad faith claim has the burden of proof on the issue." *Id.*; *Toler v. Gov't Employees Ins. Co.*, 309 F.R.D. 223, 225 (S.D.W. Va. 2015) (Goodwin, J.). Some courts have chosen to consider a stay of discovery separately from the issue of whether to bifurcate the claims for trial, reserving the latter question for consideration at the close of discovery. *Wilkinson v. Mut. of Omaha Ins. Co.*, No. 2:13-CV-09356, 2014 WL 880876, at *2 (S.D.W. Va. Mar. 6, 2014) (Goodwin, J.) (listing cases, and permitting a renewed motion to bifurcate claims for trial following the close of discovery); *Paull Assocs. Realty, LLC v. Lexington Ins. Co.*, No. 5:13CV80, 2013 WL 5777280, at *8 (N.D.W. Va. Oct. 25, 2013).

The Defendant has not identified any specific factors unique to this case that would lead to prejudice if the claims are tried jointly. Appropriate instructions are generally adequate to avoid jury confusion as to the legal standards and relevant facts for multiple claims. Insurance coverage disputes with bad faith claims are not a blanket exception requiring automatic bifurcation, and the Defendant's arguments, for the most part, are applicable to any case with similar claims. Judicial economy and cost savings are discussed in more detail regarding the motion to stay discovery. As applicable to the motion to bifurcate, the Court finds that one round of motions and one trial will be more efficient than two. As the Defendant notes, breach of contract claims are frequently resolved at summary judgment. Declining to bifurcate ensures that the case will either end with a ruling on summary judgment or proceed expeditiously thereafter. Accordingly, the Court finds

that the Defendant has failed to establish that bifurcation would promote convenience or efficiency or that it is necessary to avoid prejudice. The motion to bifurcate will therefore be denied.

The Court finds that the Defendant has not met its burden to establish that a stay of discovery is appropriate. This case involves only two parties. The Defendant did not identify any factors that would make it more complex than any insurance coverage case with a bad faith claim, and the Court would not classify such cases as inherently complex. While partial discovery is likely feasible, the Court finds it would be inefficient. Potential prejudice and judicial economy turn on the outcome of the contract claims. As Judge Hallanan explained in *Light*:

> Bifurcation might prove economical should Allstate win on the contract issue, but if Allstate does not prevail, the Court is faced with two voir dires, two phases of discovery and another round of seemingly endless motion filing and responses, all in addition to two separate trials. This can be very expensive and no doubt time consuming for all those involved.

*Light v. Allstate Ins. Co.*, 182 F.R.D. 210, 213 (S.D.W. Va. 1998) (Hallanan, S.J.) (concluding that judicial economy weighed in favor of a unitary trial). The coverage issue and the bad faith issue will likely involve overlapping documents and witnesses, such that staying discovery on the bad faith claims could result in multiple depositions of the same individuals.[2] Therefore, the Court finds that the motion to stay discovery as to the non-contractual claims should be denied. Having denied the motion to stay, the motion for a protective order is moot.

---

2 As to the Defendant's argument that discovery on the contract claims would be more streamlined and less subject to disputes if the bad faith claims are stayed, the Court is unconvinced. In the Court's experience, disputes regarding the appropriate parameters of a deposition excluding certain topics are common, and the overlap between the coverage decision and the alleged bad faith increases the risk of such disputes.

**CONCLUSION**

Wherefore, after thorough review and careful consideration, the Court **ORDERS** that *Evanston Insurance Company's Motion to Bifurcate, to Stay Discovery, and for Protective Order* (Document 11) be **DENIED**, as set forth in more detail herein.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and to any unrepresented party.

ENTER: September 30, 2020

IRENE C. BERGER
UNITED STATES DISTRICT JUDGE
SOUTHERN DISTRICT OF WEST VIRGINIA